UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WESTLEY CHAD SIMMONS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-7105** |
| **MARLIN N. GUSMAN, ET AL.** | **SECTION: "N"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Westley Chad Simmons, a state pretrial detainee, filed this federal civil rights action pursuant to 42 U.S.C. § 1983. He sued Orleans Parish Sheriff Marlin N. Gusman and the Orleans Parish Prison. In this lawsuit, plaintiff claimed that conditions of his former confinement at the Orleans Parish Prison ("O.P.P.") were unconstitutional.[1]

### Plaintiff's Prior Lawsuit

Before turning its attention to this lawsuit, the Court must first note that plaintiff currently has another lawsuit pending in this district: Westley Simmons v. Marlin N. Gusman, *et al.*, Civ. Action No. 15-5241 "B"(3) (E.D. La.). The Court hereby takes judicial notice of the record in that related case. See MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985) ("A court may take judicial notice of related proceedings and records in cases before the same court.").

In that prior lawsuit, plaintiff claimed that the defendants (Sheriff Gusman, Ms. Turner, Bonita J. Pittman, and R. Brown) failed to protect him from violence and subjected him to unconstitutional conditions of confinement at O.P.P. To better understand the nature and factual bases of those claims, United States Magistrate Judge Daniel E. Knowles, III, held a Spears hearing

---

[1] After filing this lawsuit, plaintiff was transferred to the Jefferson Parish Correctional Center, where he currently remains incarcerated.

on January 29, 2016.[2] At that Spears hearing, plaintiff was asked about this lawsuit. He explained that the instant lawsuit deals with largely the same issues as those in Civil Action No. 15-5241 but was filed simply in order to "go into more detail." Civil Action No. 15-5241 currently remains pending.

## The Instant Lawsuit

Plaintiff filed the instant complaint in which he listed his claims as follows:

1. Housed in a condemned part of O.P.S.O. facility

2. Bit & infected by poisonous bugs/spiders

3. Exposed to urine & feces contaminated water

4. No running water/no adequate hot & cold water.[3]

On February 18, 2016, the undersigned United States Magistrate Judge held a Spears hearing with respect to the instant complaint. At that Spears hearing, plaintiff again acknowledged that his first and fourth claims in this lawsuit are essentially the same claims he asserted in Civil Action No. 15-5241.

Regarding his second claim, plaintiff testified that he was bitten by a spider on one occasion at O.P.P. He requested medical attention for the bite, and he was provided with antibiotics, another oral medication, and a topical cream. The bite healed in approximately ten days. Plaintiff acknowledged that he filed no complaints about the spiders, but he noted that prison officials "occasionally" sent exterminators to deal with the problem.

---

[2] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.
[3] Rec. Doc. 4, p. 3.

Regarding his third claim, plaintiff testified that there were leaks in the jail ceiling, and he speculated that the leaks were caused by plumbing problems on a higher floor and that the water was contaminated with human waste.

### **Standards of Review**

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous,

the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint is malicious if the plaintiff is asserting against the same or different defendants virtually identical causes of action "arising from the same series of events and alleging many of the same facts as an earlier suit." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

### **Claims 1 and 4**

As noted, at the Spears hearing held on February 18, 2016, plaintiff acknowledged that his first claim ("Housed in a condemned part of O.P.S.O. facility") and his fourth claim ("No running water/no adequate hot & cold water") in this lawsuit are essentially the same claims he asserted in Civil Action No. 15-5241. Because those two claims arise from the same events and allege many of the same facts as the claims in that prior lawsuit, they should be dismissed in this lawsuit as

"malicious"; however, that dismissal should be without prejudice to their prosecution in Civil Action No. 15-5241.

### **Claim 2**

Plaintiff's claim concerning the presence of spiders and his resulting bite was not included in his prior lawsuit and, therefore, should not be considered "malicious." That said, the claim should nevertheless be dismissed as frivolous and/or failing to state a claim for the following reasons.

The mere presence of spiders or similar pests does not rise to the level of a constitutional violation. See, e.g., Simmons v. Gusman, Civ. Action No. 14-1907, 2015 WL 151113, at *4 (E.D. La. Jan. 12, 2015); Murray v. Edwards County Sheriff's Department, 453 F. Supp. 2d 1280, 1292 (D. Kan. 2006), aff'd, 248 Fed. App'x 993 (10th Cir. 2007); Smith v. Barber, 316 F. Supp. 2d 992, 1028-29 (D. Kan. 2004). Moreover, it cannot reasonably be said that the presence of the spiders, which resulted in a nothing more than a single bite to plaintiff on one occasion, placed him at a substantial risk of serious harm as is required to state an actionable claim. See Sain v. Wood, 512 F.3d 886, 894 (7th Cir. 2008); Bloch v. Books, No. 3:07-CV-555, 2009 WL 960747, at *2-3 (N.D. Ind. Apr. 8, 2009); Townsend v. Golden, No. 5:08CV00260, 2009 WL 596524, at *3 (E.D. Ark. Mar. 9, 2009); Baisden v. Arpaio, No. CV 07-2113, 2008 WL 116697, at *2 (D. Ariz. Jan. 8, 2008). As noted, plaintiff conceded that he received medical treatment for the spider bite upon request, and he did not in fact experience any significant or permanent harm from the bite. Lastly, in any event, plaintiff acknowledged that officials did not ignore the problem; on the contrary, they occasionally sent in exterminators to combat the infestation. See, e.g., Wall v. Chase, No. 5:05-CV-348, 2007 WL 496457, at *4 (M.D. Ga. Feb. 12, 2007) (rejecting a similar claim where

"[p]rison officials acted in the same manner as those in the 'free world' in bringing in exterminators to deal with an apparent problem of spider infestation."), aff'd, 251 Fed. App'x 649 (11th Cir. 2007).

### Claim 3

Plaintiff's third claim concerning the plumbing problems and accompanying leaks should likewise be dismissed. Plumbing leaks "are unpleasant but not unconstitutional." Smith v. Melvin, No. 95-2531, 1996 WL 467658, at *2 (7th Cir. July 26, 1996); accord Pitt v. Weaver, Civ. Action No. 15-360, 2015 WL 2452348, at *4 (E.D. La. May 21, 2015); Simmons, 2015 WL 151113, at *5; Davis v. St. Charles Parish Correctional Center, Civ. Action No. 1098, 2010 WL 890980, at *9 (E.D. La. Mar. 8, 2010); Wilkerson v. Champagne, Civ. Action No. 03-1754, 2003 WL 22872106, at *3 (E.D. La. Nov. 28, 2003). Simply put, the Constitution does not protect inmates from "life's occasional inconveniences" of this type. See Holloway v. Gunnell, 685 F.2d 150, 156 (5th Cir. 1982).

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's first claim (that he was "[h]oused in a condemned part of O.P.S.O. facility") and his fourth claim (that the jail had "[n]o running water/no adequate hot & cold water") be **DISMISSED WITHOUT PREJUDICE** to their prosecution in Westley Simmons v. Marlin N. Gusman, et al., Civ. Action No. 15-5241 "B"(3) (E.D. La.).

It is **FURTHER RECOMMENDED** that plaintiff's second claim (that he was "[b]it[ten] & infected by poisonous bugs/spiders") and third claim (that he was "[e]xposed to urine & feces contaminated water") be **DISMISSED WITH PREJUDICE** as frivolous and/or failing to state a claim upon which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-second day of February, 2016.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**